UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____

IN RE:
BRIAN S. FAHEY,                                            Chapter 7
        DEBTOR.                                   Case No. 10-21154-WCH
_____

BRIAN S. FAHEY,
        PLAINTIFF,
                                                           Adversary Proceeding
v.                                                         No. 12-1204

MASSACHUSETTS DEPARTMENT
OF REVENUE,
        DEFENDANT.
_____

**MEMORANDUM OF DECISION**

**I. INTRODUCTION**

      The matter before the Court is the "Massachusetts Department of Revenue's Motion for Summary Judgment" (the "Motion for Summary Judgment") filed by the defendant the Massachusetts Department of Revenue (the "MDOR") and the "Plaintiffs' Opposition to Defendant Massachusetts Department of Revenue's Motion for Summary Judgment" (the "Opposition") filed by the plaintiff Brian S. Fahey (the "Debtor"). The Debtor filed the present adversary proceeding seeking damages against the MDOR for alleged violations of the automatic stay and unfair and deceptive acts under Mass. Gen. Laws ch. 93A, as well as a declaratory judgment that certain income taxes are dischargeable. The MDOR counterclaimed that the taxes in question are excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(B) and/or (C). The

1

MDOR now moves for summary judgment on all counts and counterclaims. For the reasons set forth below, I will grant the Motion for Summary Judgment.

## II. BACKGROUND

The facts necessary to resolve this matter is not in dispute.[1] For the years 1997 through 2002 and 2004 through 2005, the Debtor filed each of his Massachusetts income tax returns late (the "Periods at Issue").[2] Although he made partial payments towards his 1997, 1998, and 1999 income tax liability, the Debtor made no payments with respect to his 2000, 2001, 2002, 2004, and 2005 income tax debt.[3]

The Debtor filed a Chapter 13 petition on October 13, 2013. On "Schedule F – Creditors Holding Unsecured Nonpriority Claims," ("Schedule F"), the Debtor listed outstanding Massachusetts income taxes for the Periods at Issue totaling $105,555.66. On both Schedule F and the Matrix of Creditors (the "Matrix"), the Debtor listed the address of the MDOR as 246 Dwight Street, Springfield, MA 01103.[4] According to the certificate of service filed by the Bankruptcy Noticing Center (the "BNC"), a notice of the commencement of the case was sent to

---

[1] Pursuant to Local Rule 56.1 ("Local Rule 56.1") of the United States District Court for the District of Massachusetts, adopted and made applicable to proceedings in the Bankruptcy Court by Massachusetts Local Bankruptcy Rule ("MLBR") 7056-1, motions for summary judgment must include "a concise statement of material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions, and other documentation." LR, D. Mass 56.1, adopted and made applicable to proceedings in the Bankruptcy Court by MLBR 7056-1. The parties have each filed the required statements under the local rule. See Defendant's Statement of Material Facts for Which There is No Genuine Issue ("MDOR Statement"), Docket No. 12; Opposition, Docket No. 31 at 1-3. With few exceptions, the parties generally agree on the facts. Facts that are irrelevant to the disposition of this case have been omitted.

[2] MDOR Statement, Docket No. 27 at ¶ 1; Opposition, Docket No. 31 at ¶ 1.

[3] MDOR Statement, Docket No. 27 at ¶ 4; Opposition, Docket No. 31 at ¶ 4. In the Opposition, the Debtor indicates that he disputes this statement to the extent that he has made payments over the years that have been allocated to various tax years.

[4] MDOR Statement, Docket No. 27 at ¶ 6; Opposition, Docket No. 31 at ¶ 6.

2

the MDOR on Saturday, October 23, 2010.[5] The BNC also sent a second notice to the MDOR's Bankruptcy Unit at Post Office Box 9564, Boston, Massachusetts 02114-9564.[6] On October 24, 2010, the MDOR issued a Notice of Intent to Suspend the Driver's License (the "Notice to Suspend").[7] Despite the notice, the Debtor's driver's license was never suspended.[8]

On November 5, 2010, the Debtor's case was converted to one under Chapter 7. The Debtor received a discharge on February 15, 2011. An order discharging the Chapter 7 trustee and closing the case entered on February 18, 2011.

On February 25, 2011, the MDOR issued a consolidated bill for the Periods at Issue.[9] Additional consolidated bills were issued on April 17, 2011, and June 3, 2012.[10] On June 18, 2012, the MDOR issued a new Notice of Intent to Suspend the Driver's License for failure to pay the outstanding tax liabilities.[11]

On August 7, 2012, the Debtor moved to reopen his case for the purpose of filing an adversary proceeding seeking (1) a determination that the income tax debt for the Periods at Issue was discharged, (2) damages for alleged violations of the automatic stay and discharge injunction, and (3) damages for unfair and deceptive acts under Mass. Gen. Laws ch. 93A. In the absence of an objection, the motion to reopen was granted, and the Debtor filed his complaint on August 8, 2012. On August 24, 2012, the MDOR filed an answer denying the allegations of the

---

[5] MDOR Statement, Docket No. 27 at ¶¶ 6-7; Opposition, Docket No. 31 at ¶¶ 6-7.

[6] Exhibit 4, Docket No. 27-9.

[7] MDOR Statement, Docket No. 27 at ¶ 7 (sic); Opposition, Docket No. 31 at ¶ 7.

[8] MDOR Statement, Docket No. 27 at ¶ 13; Opposition, Docket No. 31 at ¶ 13.

[9] MDOR Statement, Docket No. 27 at ¶ 8; Opposition, Docket No. 31 at ¶ 8.

[10] MDOR Statement, Docket No. 27 at ¶¶ 10-11; Opposition, Docket No. 31 at ¶¶ 10-11.

[11] MDOR Statement, Docket No. 27 at ¶ 12; Opposition, Docket No. 31 at ¶ 12.

Debtor's complaint and asserting counterclaims that the taxes in question are excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(1)(B)(i) and/or (C). On September 20, 2012, the Debtor filed an answer denying the allegations of the counterclaims.

The MDOR filed the Motion for Summary Judgment on January 27, 2013. On February 17, 2013, the Debtor filed the Opposition. I heard the Motion for Summary Judgment on March 13, 2013, and, after the conclusion of oral arguments, took the matter under advisement.

### III. POSITIONS OF THE PARTIES

Because the dischargeability of the Debtor's tax liabilities impacts his remaining claims, I will address the Debtor's request for a declaratory judgment and the MDOR's counterclaims first in both this section and in the Discussion.

A. The MDOR

First, the MDOR argues that the Debtor's tax liability for the Periods at Issue are nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(B)(i) because no returns were filed. In support, the MDOR that the parenthetical phrase "including applicable filing requirements" in the "hanging paragraph" of 11 U.S.C. § 523(a) includes the requirement that income tax returns be filed timely.[12] Because they were not, the MDOR concludes that the Debtor's late-filed returns do not qualify as "returns" under 11 U.S.C. § 523, and therefore, no returns were filed for the Periods at Issue, rendering the taxes in question excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(B)(i). In support of this construction of the statute, the MDOR relies on a plethora of cases that have held a late-filed return can never qualify as a "return" for purposes of 11 U.S.C. § 523(a).[13]

---

[12] 11 U.S.C. § 523(a)(*).

[13] *See*, *e.g.*, *McCoy v. Mississippi Tax Comm'n (In re McCoy)*, 666 F.3d 924 (5th Cir. 2012); *Shinn v. Internal Revenue Service (In re Shinn)*, No. 10–8139, 2012 WL 986752 (Bankr. C.D. Ill. Mar. 22, 2012); *Hernandez v.*

4

Alternatively, the MDOR asserts that the undisputed facts of record demonstrate that the Debtor willfully attempted to evade or defeat a tax, rendering the tax nondischargeable under 11 U.S.C. § 523(a)(1)(C). Relying on several circuit level appellate decisions, the MDOR contends that the Debtor's failure to pay the taxes or make any estimated payments coupled with his failure to file returns satisfies the conduct element of this section.[14] With respect to the intent requirement, the MDOR asserts that the Debtor had income during the Periods at Issue which, because he has not provided any information about his spending habits or finances, I should find was sufficient to pay the tax and he willfully did not.

Turning to the alleged violation of the automatic stay, the MDOR does not dispute that the Notice to Suspend was sent after the commencement of the case and therefore, it technically violated the automatic stay. Nevertheless, the MDOR contends that this violation was not willful because BNC notice was mailed the day before the Notice to Suspend was sent, evidencing that the MDOR did not have knowledge of the Debtor's bankruptcy. The MDOR further urges that the Debtor has not substantiated his damages and that emotional distress damages are not available against a governmental entity. The MDOR did not address the Debtor's assertion that the post-discharge consolidated bills and notice violated the discharge injunction.

---

*United States of America (In re Hernandez)*, No. 11–5126, 2012 WL 78668 (Bankr. W.D. Tex. Jan. 11, 2012); *Cannon v. United States of America (In re Cannon)*, 451 B.R. 204 (Bankr. N.D. Ga. 2011); *Links v. United States of America (In re Links)*, No. 08–3178, 2009 WL 2966162 (Bankr. N.D. Ohio Aug. 21, 2009); *Creekmore v. Internal Revenue Service (In re Creekmore)*, 401 B.R. 748 (Bankr. N.D. Miss. 2008); s*ee also Wogoman v. Internal Revenue Service (In re Wogoman)*, 475 B.R. 239 (B.A.P. 10th Cir. 2012) (affirming the bankruptcy court's determination that the debtor's tax liability was nondischargeable under any test); *Mallo v. Internal Revenue Service (In re Mallo)*, No. 10-12979, 2013 WL 49774 (Bankr. D. Colo. Jan. 3, 2013) (following *In re Wogoman*). *But see Perkins v. Massachusetts Dep't of Revenue (In re Perkins)*, No. 12-3030, slip op. at 1 (Bankr. D. Mass. Apr. 8, 2013); *Brown v. Massachusetts Department of Revenue (In re Brown)/Gonzalez v. Massachusetts Department of Revenue (In re Gonzalez)*, 489 B.R. 1 (Bankr. D. Mass. 2013); *Martin v. United States of America (In re Martin)*, 482 B.R. 635, 639 (Bankr. D. Colo. 2012).

[14] *See United States v. Fretz (In re Fretz)*, 244 F.3d 1323 (11th Cir. 2001); *United States v. Fegeley (In re Fegeley)*, 118 F.3d 979, 981 (3d Cir. 1997); *Toti v. United States (In re Toti)*, 24 F.3d 806, 807 (6th Cir. 1994).

Lastly, the MDOR argues that it could not have engaged in unfair or deceptive acts in violation of Mass. Gen. Laws ch. 93A, § 2 because the MDOR is neither a "person" nor engaged in "trade" or "commerce."

B. The Debtor

First, the Debtor argues that I should adopt the reasoning of *In re Martin* and find that he filed tax returns for the Periods at Issue.[15] He asserts that under the MDOR's view, 11 U.S.C. § 523(a)(1)(B)(ii), which expressly applies to late-filed returns, would be rendered meaningless. Instead, the Debtor urges me to apply the four factor test articulated by the United States Tax Court in *Beard v. Comm'r*[16] to determine whether his late-filed returns qualified as tax returns for purposes of 11 U.S.C. § 523(a)(1)(B)(i). The Debtor further argues that the MDOR's counterclaim that he willfully evaded his taxes is based entirely on conjecture and is unsupported by any evidence.

Next, with respect to the Debtor's count for a violation of the automatic stay, the Debtor states that the MDOR has conceded that the Notice to Suspend violated the stay. Similarly, the Debtor asserts that there is no question that the MDOR has willfully continued its collection efforts following the entry of his discharge. For this reason, the Debtor argues that summary judgment should enter in his favor on this count with his damages to be determined at a later date.

---

[15] *In re Martin*, 482 B.R. at 639.

[16] *Beard v. Comm'r*, 82 T.C. 766 (1984), *aff'd*, 793 F.2d 139 (6th Cir. 1986). The *Beard* test, which was derived from two decisions of the Supreme Court of the United States, *see Germantown Trust Co. v. Comm'r*, 309 U.S. 304, 60 S.Ct. 566, 84 L.Ed. 770 (1940) and *Zellerbach Paper Co. v. Helvering*, 293 U.S. 172, 55 S.Ct. 127, 79 L.Ed. 264 (1934), explains that in order for a document to qualify as a return: "(1) it must purport to be a return; (2) it must be executed under penalty of perjury; (3) it must contain sufficient data to allow calculation of tax; and (4) it must represent an honest and reasonable attempt to satisfy the requirements of the tax law." *United States v. Hindenlang (In re Hindenlang)*, 164 F.3d 1029, 1033 (6th Cir. 1999) (internal quotation marks omitted).

The Debtor did not address his claim under Mass. Gen. Laws ch. 93A, § 2 in the Opposition.

## IV. DISCUSSION

### A. The Summary Judgment Standard

Pursuant to Fed. R. Civ. P. 56, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[17] "A 'genuine' issue is one supported by such evidence that 'a reasonable jury, drawing favorable inferences,' could resolve it in favor of the nonmoving party."[18] Material facts are those having the potential to affect the outcome of the suit under the applicable law.[19] The absence of a material factual dispute is a "condition necessary," but not a "condition sufficient" to summary judgment.[20]

The party seeking summary judgment "always bears the initial responsibility . . . of identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which demonstrate the absence of a genuine issue of material fact."[21] The nonmoving party must then "produce 'specific facts, in suitable evidentiary form, to . . . establish the presence of a trialworthy issue.'"[22] A trialworthy

---

[17] Fed. R. Civ. P. 56(a) made applicable in adversary proceedings by Fed. R. Bankr. P. 7056.

[18] *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d. 1, 2 (1st Cir. 1999) (*quoting Smith v. F.W. Morse & Co., Inc.*, 76 F.3d 413, 427 (1st Cir. 1996)).

[19] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 314-315 (1st Cir. 1995); *Nereida-Gonzalez v. Tirado-Delgado*, 990 F.2d 701, 703 (1st Cir. 1993).

[20] *Desmond v. Varrasso (In re Varrasso)*, 37 F.3d 760, 764 (1st Cir.1994).

[21] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248.

[22] *Triangle Trading Co.*, 200 F.3d at 2 (*quoting Morris v. Gov't Dev. Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir. 1994)).

issue cannot be established by "conclusory allegations, improbable inferences, and unsupported speculation."[23] The court must view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor.[24]

B. Dischargeability of Taxes under Section 523(a)(1)

Section 523(a)(1) of the Bankruptcy Code provides in relevant part:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
> (1) for a tax or a customs duty—
>
> * * *
>
> (B) with respect to which a return, or equivalent report or notice, if required—
> (i) was not filed or given; or
> (ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or
> (C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax . . .[25]

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005[26] ("BAPCPA") amended 11 U.S.C. § 523(a) by adding an unnumbered "hanging paragraph" that defines the term "return" for purposes of that subsection. It states:

> For purposes of this subsection, the term "return" means a return that satisfies the requirements of applicable nonbankruptcy law (*including applicable filing requirements*). Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but

---

[23] *Griggs-Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir. 1990) (*quoting Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990)).

[24] *Nicolo v. Philip Morris, Inc.*, 201 F.3d 29, 33 (1st Cir. 2000).

[25] 11 U.S.C. § 523(a)(1)(B).

[26] Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Title III, § 302, 119 Stat. 23 (2005).

does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986, or a similar State or local law.[27]

On June 11, 2013, I entered a Memorandum of Decision in *Pendergast v. Massachusetts Dep't of Revenue*, a case which presented an issue identical to the case at bar.[28] I held that a late-filed Massachusetts income tax return fails to satisfy Mass. Gen. Laws ch. 62C, § 6(c),[29] one of the "applicable filing requirements" of the "applicable nonbankruptcy law," and therefore, is not a "return" within the meaning of 11 U.S.C. § 523(a), rendering the tax nondischargeable under 11 U.S.C. § 523(a)(1)(B)(i) because no return was filed.[30] I hereby incorporate the analysis contained therein by reference.

In the present case, the Debtor filed each of his Massachusetts income tax returns for the Periods at Issue late. Therefore, for purposes of 11 U.S.C. § 523(a)(1)(B)(i), no returns were filed and the tax liabilities due for the Periods at Issue are nondischargeable. Accordingly, the MDOR is entitled to judgment as a matter of law with respect to the first counterclaim. Because the MDOR is entitled to judgment with respect to its counterclaim under 11 U.S.C. § 523(a)(1)(B)(i), I need not reach the issue of whether the Debtor willfully attempted to evade the same taxes for purposes of 11 U.S.C. § 523(a)(1)(C).[31]

---

[27] 11 U.S.C. § 523(a)(*) (emphasis added).

[28] *Pendergast v. Massachusetts Dep't of Revenue (In re Pendergast)*, No. 12-1215, slip op. (Bankr. D. Mass. June 11, 2013).

[29] Section 6(c) of Chapter 62C further requires that "returns under this section shall be made on or before the fifteenth day of the fourth month following the close of each taxable year." Mass. Gen. Laws ch. 62C, § 6(c).

[30] *Id.*

[31] That said, the MDOR's argument under this section is almost entirely premised on inappropriately shifting the burden to the Debtor to offer evidence to rebut the MDOR's unsupported assertions. *See Steinkrauss v. United States (In re Steinkrauss)*, 313 B.R. 87, 91 (Bankr. D. Mass. 2004) (the MDOR bears the burden of proving that the Debtor willfully attempted to avoid the taxes by a preponderance of the evidence).

    C. <u>Violations of the Automatic Stay and Discharge Injunction</u>

        1. Violation of the Automatic Stay

Section 362(a)(6) of the Bankruptcy Code provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of . . . any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."[32] Once a court determines that the automatic stay has been violated, 11 U.S.C. § 362(k)(1) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees and, in appropriate circumstances, may recover punitive damages."[33] "A violation is 'willful' if a 'creditor's conduct was intentional (as distinguished from inadvertent), and committed with knowledge of the pendency of the bankruptcy case.'"[34] It is the Debtor's burden to establish by a preponderance of the evidence that he or she suffered actual damages as a result of the stay violation.[35]

The MDOR concedes that the Notice to Suspend was sent to the Debtor in violation of the automatic stay. The remaining question is whether this violation was willful. The MDOR contends it was not because the MDOR was unaware of the Debtor's bankruptcy filing. Notably, the BNC notice was mailed the day before the Notice to Suspend was mailed. Pursuant to Fed. R. Evid. 201(b), I take judicial notice of the fact that October 23, 2010 was a Saturday, and that

---

[32] 11 U.S.C. § 362(a)(6).

[33] 11 U.S.C. § 362(k)(1).

[34] *Vazquez Laboy v. Doral Mortg. Corp. (In re Vazquez Laboy)*, 647 F.3d 367, 374 (1st Cir. 2011) (*quoting McMullen v. Sevigny (In re McMullen)*, 386 F.3d 320, 330 (1st Cir.2004)).

[35] *Heghmann v. Indorf (In re Heghmann)*, 316 B.R. 395, 404-405 (B.A.P. 1st Cir. 2004)

10

the United States Postal Service does not deliver mail on Sundays.[36] Therefore, the BNC notice would not have reached the MDOR prior to the mailing of the Notice to Suspend. Because the Debtor's allegation of the MDOR's knowledge is based solely on the BNC notice, I find that the MDOR is entitled to summary judgment on this count.

2. Violation of the Discharge Injunction

Section 524(a)(2) of the Bankruptcy Code states that "a discharge in a case under this title . . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived . . . ."[37] Unlike 11 U.S.C. § 362, no specific provision exists in the Bankruptcy Code to provide redress for violations of the discharge injunction. Nevertheless, "'[a] bankruptcy court is authorized to invoke § 105 to enforce the discharge injunction imposed by § 524 and order damages for the [debtor] . . . if the merits so require.'"[38]

---

[36] Fed. R. Evid. 201 provides in relevant part:

> (b) **Kinds of Facts That May Be Judicially Noticed**. The court may judicially notice a fact that is not subject to reasonable dispute because it:
> (1) is generally known within the trial court's territorial jurisdiction; or
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
> (c) **Taking Notice**. The court:
> (1) may take judicial notice on its own; or
> (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.
> (d) **Timing**. The court may take judicial notice at any stage of the proceeding. . . .

Fed. R. Evid. 201.

[37] 11 U.S.C. § 524(a)(2).

[38] *Pratt v. Gen. Motors Acceptance Corp. (In re Pratt)*, 462 F.3d 14, 17 (1st Cir. 2006) (*quoting Bessette v. Avco Fin. Servs., Inc.*, 230 F.3d 439, 445 (1st Cir. 2000)); *see Lumb v. Cimenian (In re Lumb)*, 401 B.R. 1, 6 (B.A.P. 1st Cir. 2009).

As I have already found that the taxes for the Periods at Issue are nondischargeable, it necessarily follows that the MDOR could not have violated the discharge injunction by attempting to collect these amounts. As such, the MDOR is entitled to summary judgment on this count.

### D. Unfair and Deceptive Acts under Mass. Gen. Laws Ch. 93A

Pursuant to Mass. Gen. Laws ch. 93A, § 2(a), "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."[39] The statute further defines "trade" and "commerce" to include:

> the advertising, the offering for sale, rent or lease, the sale, rent, lease or distribution of any services and any property, tangible or intangible, real, personal or mixed, any security . . . and any contract of sale of a commodity for future delivery, and any other article, commodity, or thing of value wherever situate, and shall include any trade or commerce directly or indirectly affecting the people of this commonwealth.[40]

Without question, the MDOR is not engaged in "trade" or "commerce" within the meaning of Mass. Gen. Laws ch. 93A, § 2(a). Indeed, it appears the Debtor would concede as much as he did not oppose summary judgment on this count. Accordingly, I will grant summary judgment in favor of the MDOR with respect to the Debtor's claim under Mass. Gen. Laws ch. 93A.

---

[39] Mass. Gen. Laws ch. 93A, § 2(a).

[40] Mass. Gen. Laws ch. 93A, § 1(b).

## V. <u>CONCLUSION</u>

In light of the foregoing, I will enter an order granting the Motion for Summary Judgment with respect to all counts and the first counterclaim.

 

_____
William C. Hillman
United States Bankruptcy Judge

Dated: June 11, 2013

Counsel Appearing:

    Andrew L. Barrett, the Law Office of Andrew L. Barrett, P.C., Quincy, MA,
        for the Debtor
    Celine E. Jackson, Massachusetts Department of Revenue, Boston, MA,
        for the MDOR